865 F.2d 1330
 275 U.S.App.D.C. 231
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Jimmie DEVOUX, Appellant.
 No. 87-3003.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 30, 1988.
 
 Before WALD, Chief Judge and HARRY T. EDWARDS and STEPHEN F. WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record and on the briefs and supplemental memoranda filed by the parties on appeal from the United States District Court for the District of Columbia. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that this case be remanded to the district court for further proceedings in light of Murray v. United States, 108 S.Ct. 2529 (1988).
 
 
 3
 The Clerk is directed to withhold the issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Jimmie Devoux, appearing pro se, appeals his conviction for unlawful distribution of a controlled substance, 21 U.S.C. Sec. 841(a). That conviction was entered upon his conditional plea of guilty after the district court denied his motion to suppress evidence.
 
 
 5
 Neither party contests the district court's recitation of the facts or its conclusion that the police officers' initial entry into the motel room was illegal. The parties disagree, however, about whether the district court should have suppressed narcotics evidence found in a suitcase which officers had observed during that illegal entry.[1]
 
 
 6
 This issue is governed by the Supreme Court's recent decision in Murray v. United States, 108 S.Ct. 2529 (1988) (plurality opinion). In Murray, government agents who were following the defendants saw defendants drive into a warehouse and drive back out again twenty minutes later. The defendants then turned the vehicles over to other drivers, whom the agents followed and arrested. During a lawful search, the agents found marijuana in the vehicles. The agents then forcibly entered the warehouse and saw, but did not disturb, burlap-wrapped bales in plain view. They left and obtained a warrant without mentioning this entry or the bales. They seized the marijuana bales in the course of the warrant-authorized search. 108 S.Ct. at 2532.
 
 
 7
 Murray thus presented the Court with the situation left unaddressed by its earlier decision in Segura v. United States, 468 U.S. 796 (1983). In Segura, the Court had held that, notwithstanding a prior illegal entry, officers could lawfully seize evidence seen for the first time during a warrant-authorized search as long as there was an independent source for the warrant. 468 U.S. at 813-14. Murray extended and refined the Segura independent source inquiry to apply to cases in which the evidence in question had been seen during the initial illegal entry.
 
 
 8
 Under Murray, then, the evidence seized from the suitcase in room 229 would be admissible against Devoux if "the search pursuant to warrant was in fact a genuinely independent source", 108 S.Ct. at 2535, of that evidence.
 
 
 9
 The warrant-authorized search cannot be an independent source if:
 
 
 10
 the agents' decision to seek the warrant was prompted by what they had seen during the initial entry, or if information obtained during that entry was presented to the Magistrate and affected his decision to issue the warrant.
 
 
 11
 108 S.Ct. at 2535-36.
 
 
 12
 It would have been clear to the district court that the officers' decision to seek the warrant in this case had not been prompted by anything that they had seen in the course of the initial illegal entry, as they had sought a warrant well before that entry had occurred. It is less clear, however, that the Superior Court judge's decision to issue the warrant was unaffected by information about the suitcase: Sergeant Brennan mentioned the suitcase in the warrant affidavit, and the warrant specifically authorized a search of the suitcase. The Superior Court judge may well have issued the warrant in any case, based upon the facts known to the officers before they entered room 229. However, the district court found only that such independent facts "would have provided a sufficient basis on which a magistrate could have issued a valid search warrant." (Memorandum Opinion at 10; emphasis added) The district court did not find that the magistrate did in fact issue the warrant based on only that untainted information.
 
 
 13
 As the Court noted in Murray, "it is the function of the District Court rather than the Court of Appeals to determine the facts." 108 S.Ct. at 2536. Accordingly, the Court remanded for further findings as to independent source. Because the district court here did not explicitly determine whether information obtained during the initial illegal entry of room 229 affected the Superior Court judge's decision to issue the warrant, we remand this case to the district court to make that determination, consistent with Murray.[2]
 
 
 
 [1]
 Devoux also argues that the search warrant is invalid because the affiant did not swear to the underlying facts. This claim has no merit. Sergeant Brennan signed the affidavit and the Superior Court judge who issued the warrant attested that the affidavit had been "subscribed and sworn to" before him
 
 
 [2]
 The United States in its Supplemental Memorandum urges us to advise the district court upon remand that no additional testimony is necessary to make its findings. We decline to offer such advice, and leave the matter to the discretion of the district court